ROBICHEAU and another, Respondents, vs. ARNOVITZ and
another, Appellants.

*February 11—March 10, 1925.*

*Mortgages: Sale of premises on foreclosure: Title of purchaser:
Trespass intermediate sale and confirmation.*

Where stanchions permanently attached to a barn were removed
between the dates of purchase of the property on foreclosure
and the confirmation of the sale, an action for trespass was
maintainable by the purchaser, there being no hiatus in title,
under the rule that confirmation of a judicial sale relates
back and passes title as of the date of sale.

APPEAL from a judgment of the circuit court for Oconto
county: W. B. QUINLAN, Circuit Judge. *Affirmed.*

This was an action to recover damages for the unlawful
removal of stanchions from a barn which was part of the
premises which plaintiffs had purchased on a foreclosure
sale. The stanchions were permanently attached to the barn
by means of concrete settings. It appears that judgment
of foreclosure and sale of the property in question was duly
entered, and the sheriff sold the same on November 3, 1923,
to the plaintiffs, and that on that day he issued his sheriff's
deed for the property to the plaintiffs, and delivered the
same on November 13, 1923. This sale and deed were
confirmed by the court on November 27, 1923. The stan-
chions were removed between the two latter dates, that is,
after the delivery of the deed to the plaintiffs and before
the confirmation. The case was tried before the court and
a jury. The jury rendered a special verdict to the effect
that the defendants removed the stanchions from their con-
crete settings in the barn after November 13, 1923, and
assessed damages at $500. The special verdict was supple-
mented by a decision of the court to the effect that such
stanchions were removed prior to November 27, 1923, the
date of the confirmation of the sale. The court rendered

judgment in favor of the plaintiffs in the sum of $500. Defendants appeal and assign as error the failure of the court to award judgment in favor of the defendants notwithstanding the special verdict, and in granting judgment to the plaintiffs.

*Irving Breakstone* of Oconto, for the appellants.

For the respondents there was a brief by *Classon, Whitcomb & Kuzenski* of Oconto, and oral argument by *A. J. Whitcomb.*

CROWNHART, J.   The appellants' counsel presents a rather ingenious argument and a rather elaborate brief, in which he contends in substance that the action of trespass was not maintainable, as the plaintiffs were not in possession at the time; and no action for waste lies for the reason that waste requires a privity of estate and there was no privity of estate until confirmation of the deed of the sale.

We have examined counsel's position with care, but we deem it unnecessary to elaborate upon the various propositions of law which he puts forth.   We think the true rule, substantiated by authority, is that "the confirmation of a judicial sale relates back to the day of the sale and passes title as of that day, the purchaser being entitled to everything he would have been entitled to if the confirmation and conveyance of title had been contemporaneous with the sale."   16 Ruling Case Law, 132; 35 Corp. Jur. p. 52, § 74; and authorities cited.   This rule accomplishes justice and leaves no hiatus in the title.   Here the plaintiffs had purchased the premises at a judicial sale.   They were the equitable owners of the premises.   They had paid the full purchase price.   Nothing was lacking but a formal confirmation.   After the sale and pending confirmation the defendants tore out the stanchions, carried them away, and injured the property, without any claim of right or justice, and they now seek to escape the consequences of their wrong

by technical legal rules which do not and ought not apply to the facts in the case. The trespass was wilful, and the defendants were properly assessed for the damage to the property.

*By the Court.*—The judgment of the circuit court is affirmed.